UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Multiple Energy Technologies,
      Plaintiff

      v.                                    Case No. 22-cv-209-SM
                                            Opinion No. 2022 DNH 142

Kymira, Ltd.,
      Defendant


**O R D E R**


Multiple Energy Technologies ("MET") is a Delaware company
with its principal place of business in Pennsylvania.  It
manufactures and sells a bioceramic powder called "Redwave."  It
also sells finished textile products manufactured with Redwave
directly to consumers.  According to MET, bioceramics can be
incorporated into garments, sheets, and other textiles and, if
implemented correctly, will reflect the wearer's body heat back
to his or her body as infrared energy, thereby bestowing various
benefits.


MET brings this action against Kymira, Ltd., which is a
British company with its principal place of business in Reading,
England, United Kingdom.  Kymira sells clothing that
incorporates a competing bioceramic material called "Celliant"

(a product that is manufactured and licensed by Hologenix LLC).

MET alleges that Hologenix and its customers - including Kymira

- have engaged in various efforts to differentiate Celliant from

other bioceramics in the market, including MET's product

Redwave.  As part of those efforts, says MET, Kymira has falsely

promoted its products manufactured with Celliant as, among other

things, having been "FDA medically certified" and having secured

FDA "approval," "certification," "authorization," and

"endorsement."  MET also asserts that Kymira has made numerous

false, misleading, and/or deceptive claims about various health

benefits associated with the use of Kymira's products.  In turn,

says MET, various media outlets and product reviewers have

adopted Kymira's false and/or misleading statements in a number

of publications.  MET claims Kymira's false and deceptive

advertising campaign has and continues to cause it harm.  It

seeks damages and injunctive relief for Kymira's alleged

violations of the Lanham Act.[1]

---

[1]    It appears that MET has already litigated similar claims
against Hologenix, the manufacturer of the competing bioceramic
material called Celliant.  MET says the parties settled those
claims for $2.3 million and Hologenix agreed to the entry of a
permanent injunction banning it and its agents from stating or
suggesting that the FDA has "approved" Celliant or determined
that Celliant promotes any health or wellness benefits.  MET
alleges that despite being aware of that litigation and
permanent injunction, Kymira continues to make false,
misleading, and/or deceptive claims about products manufactured
with Celliant.

Pending before the court is Kymira's motion to dismiss for
lack of personal jurisdiction.  For the reasons discussed, that
motion is denied for now, without prejudice.


**Standard of Review**

The court's standard of review and MET's burden of
production are well-established and have been discussed many
times in the past.  See, e.g., Battle Foam, LLC v. Wade, 2010
DNH 108, 2010 WL 2629559, at *2-3 (D.N.H. June 29, 2010).  That
discussion need not be repeated.  It is sufficient to note the
following.


When a defendant challenges the court's personal
jurisdiction under Fed. R. Civ. P. 12(b)(2), the "plaintiff has
the burden of establishing that jurisdiction over the defendant
lies in the forum state."  Baskin-Robbins Franchising LLC v.
Alpenrose Dairy, Inc., 825 F.3d 28, 34 (1st Cir. 2016).
Allegations of jurisdictional facts are construed in the
plaintiff's favor, see Buckley v. Bourdon, 682 F. Supp. 95, 98
(D.N.H. 1988), and if, as here, the court proceeds based upon
the written submissions of the parties without an evidentiary
hearing, the plaintiff need only make a prima facie showing that
jurisdiction exists.  See generally A Corp. v. All Am. Plumbing,
Inc., 812 F.3d 54, 58 n.5 (1st Cir. 2016).  See also Kowalski v.

Doherty, Wallace, Pillsbury & Murphy, 787 F.2d 7, 8 (1st Cir.

1986); Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 674-75 (1st

Cir. 1992).


     Court's may exercise either "general" or "specific"

personal jurisdiction over a defendant.  Here, MET invokes the

court's specific personal jurisdiction.  "Specific jurisdiction

is confined to adjudication of issues deriving from, or

connected with, the very controversy that establishes

jurisdiction."  Goodyear Dunlop Tires Operations, S.A. v. Brown,

564 U.S. 915, 919 (2011) (cleaned up).  "The constitutional test

for determining specific jurisdiction has three distinct

components, namely, relatedness, purposeful availment (sometimes

called 'minimum contacts'), and reasonableness."  Adelson v.

Hananel, 652 F.3d 75, 80-81 (1st Cir. 2011) (cleaned up).  See

also Sawtelle v. Farrell, 70 F.3d 1381, 1389-95 (1st Cir. 1995)

(describing the three essential jurisdictional elements as

"relatedness," "purposeful availment," and the so-called

"Gestalt factors").


## Background

     According to MET's complaint, Kymira began marketing and

selling its products in the United States (without excluding New

Hampshire) in or around 2018.  Since then, Kymira has made a few

sales over the Internet to residents of New Hampshire.
Customers in the United States are able to purchase Kymira's
products through its website in U.S. dollars and have those
products delivered directly to them via the DHL shipping
service.  Part of Kymira's marketing strategy involves targeting
and developing relationships with elite American athletes and
professional sports teams.  MET says Kymira now works with at
least two NFL teams (the Houston Texans and the San Francisco
49ers) and "directly targets professional and elite athletes in
baseball and Major League Soccer."  Memorandum in Opposition
(document no. 19-1) at 3.  Kymira also works with the athletic
departments at the University of Texas, Rutgers University, the
University of Alabama, and Princeton University.  Id.
Additionally, Kymira's social media promotes its activities in
the United States, including its attendance at conferences and
trade shows in Texas, Oklahoma, and Pennsylvania.

     Moreover, says MET, Joseph Boyle, a resident of Nashua, New
Hampshire, is Kymira's "Vice President of Business Development
for North America."  Boyle lives, and, at least in part, works
in New Hampshire.  Kymira's website and social media direct
customers based in the United States to contact Mr. Boyle with
sales and product inquiries.

Given those contacts with New Hampshire, MET asserts that

Kymira is subject to personal jurisdiction in this forum.  If it

is not, says MET, surely Kymira must be subject to personal

jurisdiction in some federal court within the United States.

With that in mind, after MET filed this suit, it contacted

Kymira to ask where it believed it was subject to personal

jurisdiction in the United States, if not in New Hampshire.

Kymira refused to respond.  MET then informed Kymira that

although it believes jurisdiction is proper in New Hampshire, it

would be willing to "consider moving the case to another state

where Kymira agrees it is subject to jurisdiction."  Exhibit 12

to Sullivan Affidavit (document no. 19-14).  Kymira's counsel

declined to concede jurisdiction in any forum, stating that, "We

can address that issue after resolution of the motion to

dismiss."  Id.


## Discussion

In support of its view that this court lacks personal

jurisdiction over it, Kymira asserts that it has only limited

and tangential contacts with this forum.  Specifically, it says:

1.  Its principal place of business is in England;

2.  It has no employees in New Hampshire - all
    employees reside in the United Kingdom;

6

3.   Although Mr. Boyle, Kymira's "Vice President of Business Development for North America," lives in (and apparently works out of) New Hampshire, he is merely an "independent contractor";[2]

4.   Kymira's contract with Boyle specifically notes that it is governed by the laws of England and Wales - a fact Kymira says demonstrates that it has not "purposefully availed" itself of the benefits and protections of New Hampshire law;

5.   The injury (if any) to MET stemming from Kymira's conduct was felt in Pennsylvania (where MET is headquartered) and not New Hampshire (where MET has virtually no contacts); and

6.   Kymira owns no real or personal property in this forum, is not licensed to do business here, has not paid taxes in New Hampshire, and no "employee" has ever traveled to this forum to conduct business.

See Memorandum in Support of Motion to Dismiss (document no. 15-1) at 2-3.


    In response, MET asserts that: there is a nexus between Kymira's allegedly false advertising and its sales in New Hampshire (though MET has not yet offered evidence supportive of that claim); Kymira has purposefully availed itself of the privilege of doing business in this forum by operating an interactive website that is accessible to (and has been used by)

---

[2]    Although Kymira plainly believes that the distinction between an "employee" and an "independent contractor" is a meaningful one in this context, it has not explained the basis for that view.

7

New Hampshire residents to purchase Kymira's products; Kymira

has made sales (albeit modest ones) to residents of New

Hampshire; and its sole sales agent for all of the United States

lives in and works out of New Hampshire.


        If that is not sufficient to exercise personal jurisdiction

over Kymira, MET says it should be permitted to engage in

limited jurisdiction discovery, so it might understand:

> details about [Kymira's New Hampshire-based sales
> agent's] efforts to sell and market Kymira's products;
>
> its total sales in the United States and how those
> sales are broken down by state;
>
> where it files tax returns; [and]
>
> [the nature and extent of] its well-established
> partnerships with United States professional sports
> organizations such as the National Football League,
> the National Basketball Association and Major League
> Soccer.

Opposition Memorandum at 2.  MET goes on to say that:

> These facts would clearly be helpful in determining
> whether exercising personal jurisdiction over Kymira
> in New Hampshire comports with due process.  In
> addition, this discovery would also provide evidence
> of where Kymira is subject to jurisdiction if not New
> Hampshire given Kymira's refusal to discuss where it
> is subject to jurisdiction and instead it seems that
> it wants to keep MET guessing as to where it would be
> subject to jurisdiction.  Thus, if this Court is not
> satisfied that jurisdiction is proper at this
> juncture, MET respectfully requests that the Court

deny the Motion and allow it to conduct jurisdictional
discovery.

Id. at 15.

The court is inclined to agree that jurisdictional
discovery is appropriate.  First, MET's claims against Kymira
are non-frivolous.  Indeed, given the outcome of MET's earlier
litigation against Hologenix, at least some would appear to have
merit.  Consequently, dismissal of those claims would not be in
the interests of justice.  If the court were to determine that
it may not properly exercise personal jurisdiction over Kymira,
it would be appropriate to transfer this proceeding to a
jurisdiction that could.  See 28 U.S.C. § 1631.  Jurisdictional
discovery would plainly reveal which jurisdictions in the United
States would be appropriate for this litigation.

Second, MET's request for jurisdictional discovery is both
timely and supported by a colorable claim that the court may
properly exercise personal jurisdiction over Kymira.  Moreover,
MET has identified facts which, if uncovered during discovery,
would support the exercise of personal jurisdiction in this
forum.  See, e.g., O'Neil v. Somatics, LLC, 2020 DNH 208, 2020
WL 7043559, at *2 (D.N.H. Dec. 1, 2020) ("District courts enjoy
broad discretion when deciding whether to grant a request for

jurisdictional discovery.  The request must be 'timely and

properly supported,' must proffer a 'colorable claim' for

jurisdiction, and must 'present facts to the court which show

why jurisdiction would be found if discovery were permitted.'"

(cleaned up)).  See also K.B. v. Inter-Cont'l Hotels Corp., No.

19-CV-1213-AJ, 2020 WL 8674188, at *8 (D.N.H. Sept. 28, 2020);

Ticked Off, Inc. v. TickCheck, LLC, 2019 DNH 182, 2019 WL

5295148, at *1 (D.N.H. Oct. 17, 2019).  MET has satisfied that

modest burden.


### Conclusion

It is not yet clear whether this court may properly

exercise personal jurisdiction over Kymira.  Jurisdictional

discovery will be useful in resolving that question.  Moreover,

because Kymira's contacts with the United States appear to be

significant, if it is not subject to suit here, it is likely

subject to suit in some other federal district.  Prolonged and

costly litigation aimed at revealing the appropriate forum for

this litigation would not be an efficient use of judicial or

private resources.


For the foregoing reasons, Kymira's motion to dismiss for

lack of personal jurisdiction (**document no. 15**) is denied,

albeit without prejudice to refiling if counsel can do so in good faith following jurisdictional discovery.

MET shall conduct limited discovery related to facts that bear on the issue of personal jurisdiction, here or elsewhere. The period in which jurisdictional discovery may be had will close on February 15, 2023.  Counsel are expected to cooperate and facilitate expedited discovery.  If counsel are unable to resolve discovery disputes despite their best efforts to do so, specific objections may be raised in a timely manner.  As always, sanctions for failure to make disclosures or to cooperate in discovery under Federal Rule of Civil Procedure 37 are applicable here, and fees may be awarded to the prevailing party who files or opposes a motion to compel under Rule 37(a)(5).

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

November 8, 2022

cc:  Counsel of Record

11